## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

JAMES F. REIMER, DONALD              )
P. REIMER, REIMER                    )
ESTATES, INC.,                       )
                                     )
    Plaintiff,                     )
                                     )
    v.                             )    No. 07-CV-3160
                                     )
SHELBY COUNTY, ILLINOIS,             )
MAC BUTLER and CHARLES               )
STANLEY, in their official and       )
personal capacities,                 )
                                     )
    Defendant.                     )

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendants move for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Because the Complaint fails to conform to the pleading standards governing substantive due process challenges to zoning decisions, the motion is granted and the Complaint is dismissed.

## FACTS

The facts, as described in the complaint, are as follows. On June 7, 2005, the Plaintiffs approached Defendant Mac Butler, then zoning

administrator for Defendant Shelby County, with a plan to construct storage facilities, houses, and condominiums.  Butler considered the proposal and told the Plaintiffs that the land should be zoned residential. Plaintiffs had the zoning changed from agricultural to residential and thereafter obtained a $550,000 loan from Prairie National Bank to fund its development plan.  During construction, Defendant Butler, at Plaintiffs' behest, wrote a letter to John Richards, president of Prairie National Bank, assuring him that the zoning was proper.

In 2006, Defendant Charles Stanley replaced Defendant Butler as the zoning administrator for Shelby County.  On June 21, 2006, Stanley wrote a letter notifying the Plaintiffs that they were in violation of the Shelby County Zoning Ordinance because the property should have been zoned "general business" rather than "residential."  During a meeting with Stanley, Plaintiffs requested a zoning variance or special exception but were told neither would be forthcoming, even if they tried.

Due to the zoning problems, Plaintiffs only built one storage building out of the development project and, according to an August 8, 2006 letter,

2

that building was restricted to Plaintiffs' personal use only.  Ultimately, the collapse of the project resulted in Plaintiffs defaulting on their loan and losing their property to Prairie National Bank through foreclosure.

## ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) allows for the dismissal of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (2007).   A complaint states a claim where it contains "a short and plain statement . . . showing that the pleader is entitled to relief."  *Concentra Health*, 496 F.3d at 776 (quoting Fed. R. Civ. P. 8(a)(2)).  The court must take all well-pleaded factual allegations as true and must draw all possible inferences from those allegations in favor of the complainant.  *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).  Dismissal under Rule 12(b)(6) is only appropriate when "there is no possible interpretation of the complaint under which it can state a claim."  *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir. 2004) (citing *Flannery v. Recording Indus. Ass'n*

*of Am.*, 354 F.3d 632, 637 (7th Cir. 2004)).

**B. Substantive Due Process Pleading Requirements**

While the above rules govern most types of pleading, courts have added additional requirements where a plaintiff asserts a substantive due process challenge to a local zoning decision.  In order to bring such claims in the federal courts, a plaintiff bears a "very heavy burden," *Polenz v. Parrott*, 883 F.2d 551 (7th Cir. 1989), and must make two specific allegations.  First, a plaintiff must allege that the zoning decision was "arbitrary and unreasonable bearing no substantial relationship to the public health, safety or welfare." *Burrell v. City of Kankakee*, 815 F.2d 1127, 1129 (7th Cir. 1987) (citing *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S. Ct. 1536, 39 L. Ed. 2d 797 (1974); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S. Ct. 114, 71 L. Ed. 303 (1926)).

Even where arbitrary action has been alleged, the courts impose further pleading requirements to prevent the federal forum from becoming a "board[] of zoning appeals. . . ." *Doherty v. City of Chicago*, 75 F.3d 318, 325 (7th Cir. 1996) (citing *River Park, Inc. v. City of Highland Park*, 23 F.3d

164,165 (7th Cir. 1994); *New Burnham Prairie Homes v. Village of Burnham*, 910 F.2d 1474, 1475 (7th Cir. 1990); *Estate of Himelstein v. Fort Wayne*, 898 F.2d 573, 578 (7th Cir. 1990)) (internal quotes omitted).  Specifically, the plaintiff must also allege "'either a separate constitutional violation or the inadequacy of state law remedies.'"  *Id.* (quoting *New Burnham*, 910 F.2d at 1475; *Polenz*, 883 F.2d at 558).

### 1. Arbitrary and Unreasonable Action

Defendants argue that the Complaint fails to allege arbitrary, unreasonable, or irrational actions because both Butler and Stanley acted reasonably.  This conclusion of reasonableness, however, is based on Defendants' view of the facts.  Factual disputes have no role in a motion to dismiss and this court will look only to the language of the complaint.

Therefore, the key inquiry is simply whether the facts plead in the Complaint sufficiently allege an arbitrary and irrational action.  The Seventh Circuit has often affirmed the dismissal of complaints in this context for a failure to state a claim.  *See, e.g., Estate of Himelstein*, 898 F.2d at 577-78.  Indeed, few substantive due process claims appear to ever

succeed.  *See Gamble v. Eau Claire County*, 5 F.3d 285, 287 (7th Cir. 1993) (citations omitted) (noting the rarity of success under the substantive due process theory).  Nevertheless, for purposes of a 12(b)(6) motion, the Plaintiff has successfully alleged an arbitrary and unreasonable action.

An "arbitrary and unreasonable" action is one that is "invidious and irrational."  *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir. 1988).  Even parochial interests will normally fall within the ambit of reasonableness.  *Schaper v. Wallace*, 46 F.3d 1134 (7th Cir. 1994) (unpublished); *Estate of Himelstein*, 898 F.2d at 577; *Coniston Corp.*, 844 F.2d at 467-68.  In this case, the Plaintiff argues the zoning advice for the construction project, followed by the abrupt about-face, constitutes such arbitrary and unreasonable action.  In many ways, this case is similar to *Harding v. County of Door*, 870 F.2d 430 (7th Cir. 1989).  In *Harding*, a zoning administrator approved plaintiff's plans to build a number of time-share condominiums on a plot of land.  *Id.* at 431.  After construction began, a neighbor successfully petitioned the local zoning board and had the building permit revoked.  *Id.*  Following a successful state court suit,

plaintiff filed an action in federal court arguing a substantive due process violation in the board's revocation of his building permit.  *Id.*  The district court, however, granted summary judgment against plaintiff.  *Id.*  In affirming this ruling, the appellate court held that even though the board came to an erroneous conclusion of law, the mistake was neither arbitrary nor invidious because it was based on a reasoned, though faulty, analysis.  *Id.* at 432.

While many factual similarities connect *Harding* to this case, a key difference exists in the lack of any reasoned basis for the County's reversal of its position.  Unlike *Harding*, no evidence (i.e., no allegations on the face of the complaint) suggests a rationale behind the change in zoning practices.  Indeed, the Plaintiff's allegations, which must be accepted as true, allege no rationale for the zoning actions taken and, if the evidence ultimately shows there was no justification for the change in position, the County's fickle zoning practices, coupled with its erroneous assurance letter, could potentially qualify as an arbitrary and unreasonable action.  Therefore, for purposes of this motion to dismiss, the Complaint

sufficiently alleges irrational and arbitrary actions.

## 2. Inadequate State Remedies

Even though the Complaint sufficiently alleges an arbitrary and irrational action, the Plaintiffs must also allege either inadequate state law remedies or additional constitutional violations. *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988). In this case, the Complaint merely notes that either Defendant Stanley or an unnamed agent of Defendant Shelby County informed Plaintiffs that "they would receive neither [a zoning variance or special exception] even if they tried." (Complaint ¶ 12.) At most, this allegation shows that the recourse to the zoning board would likely fail. This is not sufficient. *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 179 (7th Cir. 1996) ("Whether [zoning board] *would have* rejected [plaintiff's] initial plans is of no consequence. A plaintiff must demonstrate a final decision on a development plan submitted, considered, and rejected by the governmental entity." (citations and internal quotes omitted)); *Unity Ventures v. Lake County*, 841 F.2d 770, 776 (finding informal denial of mayor insufficient for exhaustion because

the lack of formal decision making by the board made it "impossible for a court to determine how the [Board] would have acted on a formal application, or whether and to what extent plaintiffs have been harmed"). Nor does the complaint say anything about Plaintiffs' ability to obtain relief in the state courts. Without such allegations, Plaintiffs have not adequately alleged a lack of state law remedies. *See Doherty*, 75 F.3d at 326 (affirming dismissal of substantive due process claim in land-use context where plaintiff failed to show that "she would not have recourse in the state courts . . ."); *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (7th Cir. 1992) ("[T]he due process clause may not ordinarily be used to involve federal courts in the rights and wrongs of local planning disputes. In the vast majority of instances, local and state agencies and courts are closer to the situation and better equipped to provide relief.") Therefore, the Complaint fails to properly allege a lack of adequate state remedies. *See River Park*, 23 F.3d at 165 ("Litigants who neglect or disdain their state remedies are out of court, period.")

## 3. Additional Constitutional Violation

Since Plaintiffs failed to allege a lack of adequate state law remedies, their substantive due process claims will survive Defendants' motion to dismiss only if another constitutional violation was adequately alleged.  In this case, the only other claim alleged was an equal protection violation.[1] In  the land-use and zoning context, however, the tests for a due process violation and an equal protection violation are one and the same.  *Coniston Corp.*, 844 F.2d at 467-68 (applying the substantive due process test and noting that "the same test would be appropriate if the zoning decision were challenged under the equal protection clause of the Fourteenth Amendment, rather than the due process clause of the Fifth or Fourteenth Amendments" (citations omitted)).  Thus, allowing a mere allegation of an equal protection violation to suffice for purposes of properly pleading a substantive due process claim would eviscerate the protections created by

---

[1]The Complaint could also be read to state a takings claim.  Like the equal protection claim, however, a takings claim is merely another way of attacking the same actions on the same grounds and thus will not suffice for a showing of a separate constitutional violation.  Moreover, even if it were sufficient, such claims require exhaustion in order to become ripe, a requirement not met here.  *See Williamson County Reg. Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-94, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

the special pleading rules.  Indeed, courts have generally found that an equal protection claim fails to qualify as an "additional constitutional violation."  *See New Burnham*, 910 F.2d at 1480-83 (affirming dismissal of substantive due process claims for failure to allege the violation of another constitutional right where plaintiff had also asserted an equal protection claim); *Standard Bank & Trust Co. v. Village of Orland Hills*, 891 F. Supp. 446, 449 (N.D. Ill. 1995) (finding allegation of equal protection violation insufficient because plaintiffs did not "allege a constitutional violation separate [from] the fourteenth amendment").  As such, Plaintiffs here have failed to properly allege a constitutional violation in addition to the substantive due process claim, and thus their claim must fail.[2]

---

[2]Although the parties predominately focus on the substantive due process claim, there are also equal protection and takings claims that were made in or can be gleaned from the Complaint. These claims, however, are based on the same facts as the due process claim and nothing more. Thus, they suffer from the same flaws (particularly the failure to show that the unused state remedies were inadequate) and are also dismissed.  *See, e.g., Forseth v. Village of Sussex*, 199 F.3d 363, 368-72 (7th Cir. 2000) (noting that ripeness (exhaustion) requirements generally apply in takings, due process, and equal protection claims concerning land-use decisions unless special concerns apply); *Unity Ventures v. County of Lake*, 841 F.2d 770, 775 (7th Cir. 1988).

## CONCLUSION

As numerous opinions have pointed out, federal courts are not boards of zoning appeals. *See, e.g., Doherty*, 75 F.3d at 325. Because the Plaintiffs have failed to abide by the strict pleading requirements erected in this context, the Complaint must be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED

ENTER:    October 26, 2007

FOR THE COURT:                          /s Richard Mills
                                        United States District Judge

12